UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-58-KKC

PLANGRAPHICS, INC.,                                                      PLAINTIFF,

v.                                  **OPINION & ORDER**
                                       **DENYING POSTING OF BOND**

JAMES HALL,                                                       DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Defendant James Hall's Motion to Require Plaintiff to Post Bond (Rec. No. 21). For the following reasons, the motion is DENIED.

PlanGraphics filed a Complaint against Hall, its former employee, asserting that Hall had violated a noncompete clause contained in his employment agreement by working for a competitor. (Rec. No. 1, Notice of Removal, Complaint). PlanGraphics also filed a motion for a preliminary injunction (Rec. No. 4). By Order dated November 22, 2005 (Rec. No. 19), the Court granted the preliminary injunction and Ordered that, pending determination of this action or until further order of this Court, Hall is preliminarily enjoined from working for or soliciting:

     a)      any of PlanGraphics clients in the New York City area;

     b)      any prospective clients in the New York City area. Prospective clients are defined as those that PlanGraphics solicited during Hall's last 12 months of employment with PlanGraphics;

     c)      firms with which PlanGraphics competed for competitive award during Hall's last 12 months of employment with PlanGraphics; and

     d)      Companies or client organizations that PlanGraphics has had a prime or subcontractor relationship with

during Hall's last 12 months of employment.

Hall then filed a Motion to Alter, Amend and Reconsider the November 22nd Order, to Stay the Order and to Require the Plaintiff to Post Bond. (Rec. No. 21). The Court will reserve ruling on the Motion to Alter, Amend and Reconsider and the Motion to Stay until PlanGraphics' response time has run. On its own motion, however, the Court will amend parts III (3)(d) and (e) of the November 22nd Order (Rec. No. 19) to clarify that Hall is only enjoined from working for or soliciting entities located in the New York City area.

As to the Motion to Require Plaintiff to Post Bond, Federal Rule of Civil Procedure 65(c) provides that "[n]o. . . preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper. . . ." The Sixth Circuit has long held that the district court possesses discretion over whether to require the posting of security. *Moltan Company v. Eagle-Picher Industries, Inc.*, 55 F3d 1171, 1176 (6th Cir. 1995); *see also Elite Licensing, Inc. v. Thomas Plastics, Inc.*, 250 F.Supp.2d 372, 391 (S.D.N.Y. 2003)("[t]he district court may dispense altogether with the filing of a bond where there has been no proof of likelihood of harm").

It is the defendants' burden to reasonably estimate the extent to which he would be damaged if the preliminary injunction were improvidently granted. *See Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1362 (10th Cir. 1990); *see also Elite Licensing, Inc.*, 250 F.Supp.2d at 391 ("[t]he party against whom a preliminary injunction is sought has the burden of establishing the amount of a bond necessary to secure against the wrongful issuance of the injunction"). In the prior pleadings and the hearing on the preliminary injunction, Hall did not request that a bond be posted in the event that the preliminary injunction was issued. Nor did he state any appropriate bond amount or provide any evidence regarding the appropriate amount. Accordingly, the Court did not Order PlanGraphics to

post a bond.

With his current motion, Hall now asks the Court to require PlanGraphics to post bond in the amount of at least $150,000. Hall argues that the preliminary injunction could "involve the loss of a year's worth of salary, could impact his reputation, employability and good will, and could cause him to incur significant expenses in having to move and sell his house." Hall has, however, presented no evidence as to the amount required to adequately compensate him if the preliminary injunction should be deemed erroneous.

For example, the Court has been unable to locate anywhere in the record the amount of Hall's current annual salary with Bowne which he would lose under this injunction. Further, Hall has submitted no evidence regarding his expenses for moving and selling his house. Accordingly, due to the lack of any evidence regarding the appropriate amount of the bond in this matter, the Court will DENY Hall's motion to require PlanGraphics to post a bond. Hall may reassert this motion with proper evidence regarding any damages he will suffer as a result of the preliminary injunction. In the meantime, the preliminary injunction, as amended below, remains effective.

For all the above reasons, the Court hereby ORDERS as follows:

1) Part III(3) of the Court's November 22, 2005 Opinion and Order (Rec. No. 19) is hereby amended to read as follows:

> 3) Pending determination of this action or until further order of this Court, Hall is PRELIMINARILY ENJOINED from working for or soliciting:
>
> a) any of PlanGraphics clients in the New York City area;
>
> b) any prospective clients in the New York City area. Prospective clients are defined as those that PlanGraphics solicited during Hall's last 12

        months of employment with PlanGraphics;

    c)    firms located in the New York City area with which PlanGraphics competed for competitive award during Hall's last 12 months of employment with PlanGraphics; and

    d)    Companies or client organizations located in the New York City area that PlanGraphics has had a prime or subcontractor relationship with during Hall's last 12 months of employment.

2)    Hall's Motion to Require Plaintiff to Post Bond is DENIED.

Dated this 14th day of December, 2005.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge