UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-58-KKC

PLANGRAPHICS, INC.,     PLAINTIFF,

v.     **OPINION & ORDER**

JAMES HALL,     DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Alter, Amend and Reconsider and to Stay Order filed by the Defendant, James Hall (Rec. No. 21). With his motion, Hall asks the Court to alter or amend the an order entered by this Court on November 22, 2005 (Rec. No. 19 as amended by Rec. No. 24) which preliminarily enjoins Hall from working for or soliciting certain entities in the New York City area pursuant to a non-compete clause contained in Hall's employment agreement with the Plaintiff, PlanGraphics, Inc. ("PlanGraphics").

After leaving PlanGraphics, Hall began working for PlanGraphics' competitor, Bowne Management Systems ("Bowne"), which is located in the New York City Area. Hall's employment agreement with PlanGraphics specifically prohibited him from working for Bowne for one year after the agreement was terminated. The November 22, 2005 Order entered by this Court prohibits Hall from continuing to work for Bowne.

Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend a judgment. Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice. *Javetz. Board of Control, Grand Valley St. Univ.*, 903 F.Supp.1181, 1190 (W.D. Mich. 1995). With his motion, Hall asks the Court to amend its Order because 1) due to changed circumstances, PlanGraphics will no longer suffer irreparable harm if Hall is able to work for PlanGraphics' competitor; and 2) the order is unduly harsh to Hall.

As to the first argument, Hall submits his own affidavit stating that he has "learned" that PlanGraphics was formally notified by the New York City Department of Information Technology and Telecommunications (the "Department") that PlanGraphics is no longer being considered for a particular contract for which it and Bowne had been competing. Hall states that he was told by an unidentified source that the reason PlanGraphics is no longer being considered for the contract is because of the company's "poor financial condition and the large number of its unpaid subcontractors."

In response, PlanGraphics submits the affidavit of its president who states that PlanGraphics has never been told, formally or informally, that it is not a qualified bidder for the particular contract at issue. Further, the president states that, even if PlanGraphics had been disqualified from bidding on the particular contract, it is still able to bid on other contracts with the Department and on contracts with other New York City agencies. Accordingly, argues PlanGraphics, Hall's employment with a PlanGraphics' competitor in the New York City area would still harm PlanGraphics because of the difficult-to-compute loss of goodwill, fair competition and customer business, and the release of information to PlanGraphics' competitors.

If PlanGraphics were essentially a defunct business that was no longer truly in competition with Bowne or any other business in the GIS field, then the Court would agree that the balance of the equities would favor Hall and he should not be enjoined from working for PlanGraphics' former competitors. PlanGraphics cannot suffer any harm by Hall's actions if it no longer actually competes in the GIS field. Hall, however, has presented this Court with no proof that PlanGraphics is no longer a viable entity or that it no longer competes with Bowne and other businesses in the GIS field. His affidavit only states that he has "learned" from an unidentified source that PlanGraphics is no longer being considered for a certain contract. PlanGraphics president refutes this with an affidavit from its president. Accordingly, Hall has not shown any change regarding PlanGraphics' status as a competitor in the GIS field that warrants an amendment to the Court's Order.

As to the second argument, Hall submits his affidavit stating that, due to the Court's Order, he will have to resign from Bowne and move outside of the New York City area. He states his wife and two children

2

will then have to move to rural Maryland and that his three-year-old son who has developmental disabilities will cease receiving certain therapy and special education. The Court recognizes that requiring Hall to cease working for Bowne will bring certain hardships to Hall. He will obviously have to find a new job and he and his family may very well have to move from the New York City area and suffer the disruptions attendant upon any such move.

Nevertheless, Hall did enter into a contract which plainly prohibited him from working for PlanGraphics' competitors including specifically Bowne. The harm that he will suffer as a result of that agreement is similar to the harm that any individual suffers who enters into such an agreement. The Kentucky courts have held that such agreements are enforceable if limited in geographic area and time. The agreement prohibits Hall from working for PlanGraphics' competitors for one year after the agreement is terminated. The injunction entered by this Court prohibits Hall from competing against PlanGraphics only in the New York City Area. This restraint is reasonable. Accordingly, for all the above reasons, the Motion to Alter, Amend and Reconsider and to Stay Order (Rec. No. 21) is DENIED.

This 17th day of February, 2006.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**