UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-58-KKC

PLANGRAPHICS, INC.,                                                                      PLAINTIFF,


v.                                         **OPINION & ORDER**


JAMES HALL,                                                                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Enforce Settlement Agreement and for

Award of Attorney Fees filed by the Defendant, James Hall (Rec. No. 35).

**I.       FACTS.**

In its Complaint, the Plaintiff, PlanGraphics, asserted that Hall, after resigning from his

employment with PlanGraphics, violated the terms of the non-compete clause contained in his

employment agreement with the company. This Court granted PlanGraphics' Motion for Preliminary

Injunction and preliminarily enjoined Hall from working for certain employers or soliciting certain

organizations in accordance with the terms of his employment agreement. (Rec. No. 24).

After the Court issued an Order for Meeting and Report, PlanGraphics moved for an

extension of time to respond, stating that the parties had "reached an agreement in principle." (Rec.

No. 31). Later the parties each filed Status Reports indicating that the parties were unable to execute

a written settlement agreement because of a disagreement regarding the terms. (Rec. Nos. 33 and 34).

Hall then filed the current motion stating that the parties orally reached an agreement settling

all claims in this matter but that PlanGraphics refuses to sign a written settlement agreement.  Hall

moves the Court to enforce the oral settlement agreement. In response, PlanGraphics states that the

parties reached an oral agreement on every term of settlement except that Hall refused to include a provision giving this Court jurisdiction to enforce the settlement agreement.  PlanGraphics argues that, because this disputed provision is a material provision, the parties never reached an "agreement."  PlanGraphics moves the Court to read the "agreed to terms" into the record so that those terms would be enforceable by this Court.  (Rec. No. 36).

Thus, the parties do not appear to currently disagree as to how this case should proceed. While during settlement negotiations, Hall may have objected to a provision granting this Court authority to enforce the settlement agreement, he now requests that this Court enforce the settlement agreement.  While PlanGraphics may now dispute whether a legally binding settlement agreement was formed because the parties could not agree on whether this Court would have authority to enforce the settlement agreement, PlanGraphics also asks this Court to enforce all the other "agreed to" terms of the settlement.  There does not appear to be any dispute between the parties as to what these other  "agreed to" terms of the settlement were. Thus, both Hall and PlanGraphics now seem to be requesting that this Court enforce the same "agreed to" settlement terms.

Nevertheless, with the current motion, the Court is faced with a legal dispute as to whether the parties actually entered into a binding settlement agreement. Without such an agreement, this Court has nothing to enforce. Further, while both parties now appear to agree that this Court has authority to enforce the settlement agreement, subject matter jurisdiction cannot be conferred by consent of the parties. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004).  Thus, the current motion presents two issues:  1) does this Court have subject matter jurisdiction to enforce any settlement agreement between the parties? and 2) is there a settlement agreement and, if so, what are its terms?

**II.     ANALYSIS.**

**A.     Subject Matter Jurisdiction.**

In *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994), the parties reached an oral

agreement settling all claims in the action, the substance of which they recited on the record before

the district court in chambers. *Id*. at 376. The parties then signed a Stipulation and Order of

dismissal which the district court entered. *Id*. at 376-77. The Stipulation and Order of dismissal did

not reserve jurisdiction in the District Court to enforce the settlement agreement. *Id*. at 377.

Later, a dispute arose between the parties as to the petitioner's obligations under the

settlement agreement. The respondent moved the district court to enforce the agreement and the

district court entered an enforcement order citing the court's "inherent power" to do so. *Id*. at 377.

The Supreme Court determined that "[e]nforcement of the settlement agreement. . . whether through

award of damages or decree of specific performance, is more than just a continuation or renewal of

the dismissed suit, and hence requires its own basis for jurisdiction." *Id*. at 378.

Because the parties' obligation to comply with the settlement agreement was not made part

of the order of dismissal and because the parties had not agreed that the district court would retain

jurisdiction over the settlement agreement, the Supreme Court determined that "enforcement of the

settlement agreement is for state courts, unless there is some independent basis for federal

jurisdiction." *Id*. at 381-82.

*Kokkonen*, however, is not applicable to this case because this Court has not dismissed this

action. A more recent and unpublished Sixth Circuit case presents a situation more similar to the

one before this court. In *Michigan Regional Council of Carpenters. v. New Century Bancorp, Inc.*,

99 Fed. Appx. 15 (6th Cir. 2004), the parties had indicated to the district court that they had reached

a settlement agreement. *Id*. at 17. The district court then dismissed the case without prejudice, granting the Plaintiff 30 days to reinstate the case if the settlement agreement were not consummated. *Id*. After being advised that certain parties had not signed the settlement agreement within 30 days of the dismissal order, the district court reinstated the case. *Id*. at 18. Certain parties then filed a motion to enforce the settlement agreement. *Id*. The district court granted the motion, finding that the parties had entered into a settlement agreement that was binding on all parties. *Id*. at 18.

On appeal, relying on *Kokkonen*, certain parties to the case questioned the district court's jurisdiction to enforce the settlement agreement. The Sixth Circuit, however, distinguished *Kokkonen* because in *Michigan Regional Council*, the district court dismissed the case *without* prejudice and conditioned dismissal on the execution of a written settlement agreement. *Id*. at 19-20. Further, at the time that the parties moved the court to enforce the settlement agreement, the district court had reinstated the case. *Id*. at 20. "Since the district court never relinquished jurisdiction over this matter, it had subject matter jurisdiction at the time it enforced the settlement agreement." *Id.*

Here too, this Court has never relinquished jurisdiction over this matter. Thus, this Court has subject matter jurisdiction to enforce any settlement agreement that may exist between the parties.

**B.      Whether a Settlement Agreement Exists.**

The next issue then is whether the parties entered into a legally binding settlement agreement. In *Michigan Regional Council of Carpenters*, the Court stated:

> "Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *Re/ Max Int'l, Inc. v. Realty One, Inc.,* 271 F.3d 633, 645-46 (citing *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988)). "Ordinarily, an evidentiary hearing is required where facts material to an agreement

4

are disputed." *Id.* at 646. (citing *Kukla v. Nat'l Distillers Prods. Co.,* 483 F.2d 619, 622 (6th Cir.1973); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir.1976)). "However, no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present." *Id.* (citing *Aro Corp.,* 531 F.2d at 1372). "Thus, summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement." (citing *Kukla,* 483 F.2d at 621; *Therma-Scan, Inc. v. Thermoscan, Inc.,* 217 F.3d 414, 419 (6th Cir. 2000).

*Id.* at 20.

With their pleadings, the parties submit correspondence between them which they assert proves, alternatively, the existence and non-existence of a legally binding agreement. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court will REFER this matter to United States Magistrate Judge Edward B. Adkins for a Report and Recommendation regarding whether a settlement agreement exists between the parties and, if such an agreement exists, what the terms of that settlement agreement are. The Court will DENY without prejudice Hall's motion to enforce the settlement with leave for Hall to reassert the motion, if appropriate, after the filing of the Magistrate Judge's Report and Recommendation. The Court will also REFER this matter to the Magistrate Judge to conduct a settlement conference.

### C.    Hall's Motion to Amend the Preliminary Injunction.

Hall also asks the Court to amend the Preliminary Injunction entered in this matter to provide that it terminates on December 28, 2006. Hall argues that the non-compete clause in his employment agreement only prohibited Hall from competing for one year which was tolled until such time as Hall resigned from working for a PlanGraphics competitor. Hall states that he resigned from PlanGraphics' competitor Bowne Management Systems, Inc. on December 29, 2005. Thus, he argues, the preliminary injunction entered by this Court should expire on December 28, 2006. PlanGraphics has not objected to this. Accordingly, the Court will ORDER that the Preliminary

Injunction expires on December 28, 2006.

Accordingly, for all the above reasons, the Court hereby ORDERS as follows:

1)    This matter is referred to the United States District Court Magistrate Judge Edward

B. Adkins for a Report and Recommendation regarding whether a settlement

agreements exists between the parties and, if so, what the terms of the settlement

agreement are; and to conduct a settlement conference between the parties;

2)    Hall's Motion to Enforce Settlement Agreement, and for Award of Attorney Fees

(Rec. No. 35) is DENIED without prejudice with leave for Hall to reassert the

motion, if appropriate, after the Magistrate Judge's Report and Recommendation is

filed in the record; and

3)    The Preliminary Injunction entered in this matter expires on December 28, 2006.

Dated this 30th day of October, 2006.

**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**